IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JON CASCELLA, | No. 4:21-CV-01490 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM OPINION & ORDER

### MARCH 16, 2023

Plaintiff Jon Cascella filed the instant lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.  He alleges negligence by three Federal Bureau of Prisons (BOP) officials during his incarceration at LSCI Allenwood, in White Deer, Pennsylvania.  The parties are currently involved in discovery.  Cascella has filed two discovery-related motions: a motion for adverse inference instructions based on purported spoliation of evidence[1] and a motion to compel discovery.[2]  For the following reasons, the Court will deny Cascella's motions.

The Court first examines Cascella's motion for an adverse inference instruction based on alleged failure to preserve video and photographic evidence.

---

[1] Doc. 93.  It appears that Cascella filed a duplicate motion for adverse inference instructions several months later.  *See* Doc. 126.
[2] Doc. 123.

Cascella references "hallway videos" from fixed surveillance cameras from the February 4, February 18, and March 12, 2020 incidents and still photos from the March 12 incident.[3]

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[4] To resolve a spoliation claim, a court must conduct a two-part inquiry[5]: first, the Court must determine whether a party's conduct constitutes spoliation"[6]; second, "[i]f the Court finds that a party has engaged in spoliation, it must next consider the appropriate sanctions available to redress the situation."[7]

The United States Court of Appeals for the Third Circuit has established a four-part test to evaluate whether spoliation has occurred. Under this test, spoliation occurs where: (1) "the evidence was in the party's control"; (2) "the evidence is relevant to the claims or defenses in the case"; (3) "there has been actual suppression or withholding of evidence"; and (4) "the duty to preserve the evidence was reasonably foreseeable to the party."[8] As to the third element

---

[3] *See generally* Doc. 94.
[4] *Mosaid Tech. Inc. v. Samsung Elec. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citations omitted); *see also* FED. R. CIV. P. 37(e) (concerning failure to preserve electronically stored information); *Bistrian v. Levi*, 448 F. Supp. 3d 454, 467 (E.D. Pa. 2020).
[5] *McCann v. Kennedy Univ. Hosp., Inc.*, No. 12-cv-1535, 2014 WL 282693, at *4 (D.N.J. Jan. 24, 2014).
[6] *Id.* (citation omitted).
[7] *Id.*
[8] *Bull v. UPS, Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (citing *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)).

concerning suppression or withholding of evidence, "a finding of bad faith"—which may be inferred from circumstantial evidence—is "pivotal" to determining whether "sanctionable spoilation" has occurred.[9] Accidental or inadvertent conduct is insufficient to implicate sanctions like an adverse inference instruction or a presumption of the evidence being unfavorable; there must be intentional destruction or suppression of evidence.[10]

The United States does not dispute the first two elements (control and relevance). Instead, it asserts that spoilation did not occur here because there was no intentional suppression or destruction of evidence and because it was not reasonably foreseeable that there existed a duty to preserve the evidence.

The Court agrees. First, it has already addressed Cascella's request for additional video footage and still photographs when ruling on an earlier motion to compel filed by Cascella. In that August 17, 2022 Order, the Court explained the following:

> Plaintiff's request to compel Defendants to produce video surveillance footage and digital photographs from February 4, 2020, February 18, 2020, and March 12, 2020, is DENIED. Defendants aver that they have produced all video footage that has been retained from this time period and that they cannot locate any digital photographs, and thus Defendants cannot be compelled to produce that which they do not have. Specifically, Defendants have explained that, according to the federal Bureau of Prisons' "Records and Information Disposition Schedule system" (BOP-RIDS), video surveillance that is not deemed to "contain a case-related or category-related event" is deleted 10 days

---

[9]  *Id.* at 79.
[10] *Id.* (citing *Brewer*, 72 F.3d at 334).

3

after the date of recording. Defendants aver that they have produced all relevant surveillance video that was retained and not deleted under BOP-RIDS. The Court further notes that the earliest record provided to the Court regarding Plaintiff's attempt to preserve video evidence is Plaintiff's Freedom of Information Act request dated September 23, 2020, in which Plaintiff requests copies of FCI Allenwood surveillance footage from March 12, 2020. This request, however, came nearly six months after the end of the retention period provided by BOP-RIDS. Moreover, the first request Plaintiff made to Defendants for preservation of video evidence appears to be an October 26, 2021 letter mailed to defense counsel.[11]

Cascella appears to attempt to relitigate this issue, now in the form of a motion for adverse inference instructions. Cascella primarily argues that the video footage he is seeking is a "case-related" or "category-related" event so the footage should have been preserved, and he questions the efforts made by the United States to locate the photographs and additional video footage.

None of Cascella's arguments establish bad faith, an intentional refusal to produce evidence, or that the United States had a reasonably foreseeable duty to preserve the at-issue video footage. As explained in this Court's August 17 Order, the earliest possible notice of preservation came through Cascella's September 23, 2020 FOIA request, nearly six months after the end of the retention period provided by BOP-RIDS.[12] The only other source of a potential duty to preserve

---

[11] Doc. 82 ¶ 1.
[12] Cascella maintains that he immediately put the BOP on notice regarding preservation of the March 12, 2020 video footage because he told staff he was going to sue them. *See* Doc. 94 at 9. However, an inmate's verbal threat that he is going to sue a prison official, without more, is insufficient to implicate a duty to preserve evidence, as such claims are undoubtedly proffered on a frequent basis in prison settings. And Cascella did not file his administrative claim concerning the incidents until November 2020. *See* Doc. 89-1 at 3.

that Cascella cites is the BOP's "use of force and application of restraints" policy, Program Statement 5566.06. Cascella contends that this policy required footage from the March 12 incident to be preserved because chemical agents and restraints were used. This policy, however, discusses only the handheld video camera that is to be used by BOP staff to film the event,[13] and that footage was retained and provided to Cascella for viewing.[14]

Moreover, while Cascella believes that the February 4 and February 18 events alleged in his complaint qualify as "case-related" or "category-related" events, he has not established why the BOP's contrary determination would rise to the level of spoliation of evidence. Even assuming the BOP incorrectly categorized the at-issue video footage as non-case-related or non-category-related (which, again, has not been shown by Cascella), such an error does not implicate intentional destruction of evidence. This is particularly true because video footage of the March 12 incident was preserved, implying that a calculated decision was made regarding what footage was case- or category-related and what footage was not. Because Cascella has failed to establish bad faith or a reasonably foreseeable duty to preserve the allegedly missing video footage and still photographs, Cascella's motion for spoliation sanctions will be denied.

---

[13]  *See* U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Program Statement P5566.06, § 14(c), (d) (2014).
[14]  The United States notes that, due to a battery failure and the need for staff decontamination, there are two breaks in the March 12, 2020 video. *See* Doc. 103 at 7.

Cascella also moves to compel the production of some of the same video footage that was the subject of a previous motion to compel[15] and is involved in the instant motion for spoliation sanctions.[16] Cascella additionally requests "[a] copy of the Correctional Services Manuals [sic] Duty Directives pertaining to retention times for the use of force incidents video footage[.]"[17] The United States avers that it timely responded to Cascella's additional discovery requests as soon as it received his motion to compel via electronic service through CM/ECF, which the United States claims is the first notice they received of this discovery request.[18] Thus, because the United States timely responded to Cascella, there is no basis to compel discovery from or sanction the United States.[19]

---

[15]  *See* Docs. 66, 66-1.
[16]  *See* Doc. 123 at 3.
[17]  *Id.*
[18]  *See* Doc. 125.
[19]  The Court notes that Cascella filed an "objection," Doc. 129, to the United States' "notice" regarding the most recent discovery dispute. In his objection, Cascella maintains that he requested the BOP-RIDS policy and the United States allegedly responded by stating that it had already been provided. *See id.* at 3. To the extent that the United States is relying on the document, (Doc. 103-1 at 4), attached to the December 2, 2022 declaration of J. Lyons, the Court agrees with Cascella that this document does not appear to be the BOP-RIDS policy itself. Rather, this attachment appears to be a copy of a request from June 1, 2010, to the "National Archives & Records Administration" in College Park, Maryland, which contains an explanation of the BOP-RIDS policy with respect to a request for video surveillance footage at a federal correctional facility. *See id.* Accordingly, unless the United States has a legitimate objection to this particular discovery request, the BOP-RIDS policy upon which Lyons relies in his declaration should be provided to Cascella.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Cascella's motions for adverse inference instructions (Docs. 93, 126) are **DENIED**.

2. Cascella's motion to compel (Doc. 123) is **DENIED** except with respect to the BOP-RIDS policy discussed in note 19.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge